UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL BLONDELL,  :  CIVIL ACTION NO. 3:CV-13-0740

  Petitioner  :  (Judge Nealon)

v.  :

UNITED STATES OF AMERICA,  :

  Respondent  :

**MEMORANDUM**

Petitioner, Michael Blondell, an individual currently incarcerated in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed this counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). The required filing fee has been paid. (Doc. 4). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Petitioner is currently incarcerated in Pike County Prison awaiting trial. (Doc. 1, petition). He states that "until recently, he was a member of the general population at Lackawanna County Prison", but "has since been transferred to Pike County and placed in lockdown", where he is confined to his cell for at least twenty-three (23) hours per day, and not permitted to send or receive any mail, make any phone calls, have any visitors, or access to legal

---

[1] Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), because of Rule 1(b) of those Rules, which provides that "[i]n applications for habeas corpus in cases not covered by [§ 2254], these rules may be applied at the discretion of the United States District Court." This Court has long found Rule 4 applicable to habeas proceedings brought under § 2241 and there is no sound reason not to apply Rule 4 in this case. See e.g. Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); Heath v. Bell, 448 F. Supp. 416, 417 (M.D. Pa. 1977).

research. Id. Thus, Petitioner filed the instant action in which he requests to be removed from lockdown status and returned to general population. Id.

**Discussion**

Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973). In the instant petition, Blondell is neither seeking speedier nor immediate release from custody. He is also not challenging the conditions of his current confinement. Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be dismissed without prejudice to any right Blondell may have to reassert his present claims in a properly filed civil rights complaint.[2] See Wool v.

---

[2] In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Blondell may file based upon the facts asserted herein.

2

York County Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); Hewlitt v. Holland, Civil No. 96-1075, slip op. at 9 (M.D. Pa. July 2, 1997) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

    A separate Order will be issued.

Dated: June 11, 2013

                                                  **United States District Judge**